The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 30-year-old married female with two children. She dropped out of school in the 8th grade, but since her injury has been working toward obtaining her GED or so called high school equivalency certificate.
2. Although she carries a lot of "emotional baggage" from a childhood history of physical and sexual abuse resulting in her becoming depressed in stressful situations and an unsuccessful suicide attempt four years ago after learning of her husband's two affairs; plaintiff was nonetheless able to function in her roles as a wife, mother and worker prior to the February 1, 1993 disabling back injury giving rise hereto.
3. In August 1991 she became employed by defendant employer and was initially assigned to a production job as an inserter responsible for pulling socks on cardboard forms. Plaintiff subsequently became a pairer, but in December 1992 to avoid a layoff returned to inserting.
4. On the morning of Monday, February 1, 1993 as part of her duly assigned ordinary employment duties as an inserter plaintiff had to lift a box of work and in the process thereof experienced an onset of back pain and thereby a specific traumatic incident which, in conjunction with the more fully hereinafter described specific traumatic incident sustained later that same day pulling tightly knits socks over the cardboard forms, resulted in the disabling and otherwise compensable back injury giving rise hereto.
5. Despite her back injury plaintiff was able to continue working requiring her to pull socks over cardboard forms as part of her duly assigned ordinary employment duties as one of the premises inserters.
6. As similarly occurred on occasion when they were too tightly knit, the socks on the morning of February, 1993 were again too tightly knit making them more difficult to pull onto the cardboard forms and in the process of attempting to do so experienced another specific traumatic incident aggravating her earlier back injury because the more she pulled the same socks the worse her condition became resulting in the disabling, and otherwise compensable, back injury giving rise hereto.
7. The next day plaintiff sought medical treatment from the local emergency room and has been unable to return to work since last working for defendant employer on February 1, 1993. She subsequently obtained a leave of absence from work, but was ultimately terminated from defendant's employ in February 1994 because more than a year had elapsed and she was unable to return to work.
8. After being seen at the emergency room plaintiff came under the care of Dr. Paul Mabe, who attempted a conservative course of treatment consisting of various medications, restricted activity and physical therapy, which was unsuccessful in alleviating her chronic incapacitating pain and as a result he referred her to Dr. Richard L. Rauck at Bowman Gray School of Medicine's Pain Control Clinic for pain management.
9. In the interim plaintiff was also evaluated and/or treated by an orthopedic surgeon, Dr. Paul Long, and two neurosurgeons, Dr. Ernesto Botero and Dr. Russell Amundson.
10. As a direct and natural result of her chronic incapacitating pain plaintiff not only became depressed, but in October 1994 again attempted suicide by taking 15 to 20 Prozac and because of the same depression Dr. Rauck referred her to a psychologist for evaluation and treatment, Dr. Ellen Wilson, who has attempted to assist plaintiff in coping or dealing with her chronic incapacitating pain.
11. Although with the same treatment plaintiff has made good progress toward dealing with her chronic incapacitating pain and might have reached maximum medical improvement and/or the end of the healing period from and following her February 1, 1993 back injury shortly after the hearing before the Deputy Commissioner, she remained totally incapacitated from working at that time.
12. She continues under a regimen of multiple medications, including pain killers, anti-anxiety drugs, anti-depressants that also tend to elevate her pain threshold, anti-inflammatories and Zantac for her stomach because of the tendency of her drugs to irritate the gastrointestinal tract, and will likely require some continuing medication for the next two to three years.
13. When Dr. Rauck ultimately releases plaintiff to return to work she will not be able to do so in a factory setting or to work that is going to be repetitive or strenuous on her back; but rather, will require light work of the type described by Dr. Rauck in his deposition testimony. Plaintiff will likely continue to experience some level of chronic pain, which she has made much progress in coping with, and her symptoms will likely increase any time she over exerts herself.
14. For the reasons stated in defense counsel's contentions this matter was not defended without reasonable ground based on stubborn, unfounded litigiousness because there were certainly significant credibility issues involved in determining whether the plaintiff sustained a compensable back injury or injuries at the time in question.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 1, 1993 plaintiff sustained injuries by accident arising out of and int he course of her employment resulting in the disabling back injury giving rise hereto. G.S. 97-2 (76).
2. As a direct and natural result of her inability to cope with the chronic incapacitating pain from the same back injury plaintiff became depressed.
3. Although with medical treatment plaintiff has made good progress toward dealing with her chronic incapacitating pain and will likely reach maximum medical improvement and/or the end of the healing period within the next visit or two to her principal treating physician; she has not yet; but rather, remains totally incapacitated from work by her February 1, 1993 back injury entitling her to compensation at the rate of $187.47 per week from February 2, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled, subject to a change of condition, medical or employment.
4. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendant is obligated to pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the February 1, 1993 back injury giving rise hereto, including the treatment she has received from Dr. Rauck and Ellen Wilson.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant Adams-Millis/Sara Lee Corporation shall pay plaintiff, on account of her continuing total disability, compensation at the rate of $187.47 per week from February 2, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled, subject to a change of condition, medical or employment. Such compensation as has accrued hereunder shall be paid in a lump sum, without computation, subject to a reasonable attorney fee hereinafter approved.
2. At this time a reasonable attorney fee in the amount of 25 percent of the accrued compensation benefits due under the above Award is hereby approved for plaintiff's counsel, which shall be deducted from the same Award and forwarded directly thereto. For the balance of his fee defendant-employer shall forward every fourth compensation check due during the above Award directly to plaintiff's counsel.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto, not only including the treatment of Dr. Rauck and Ellen Wilson, but the continued medication that plaintiff is likely to require for the next two to three years, when bills for the same are submitted in accordance with the Industrial Commission Rules.
4. Defendant Adams-Millis/Sara Lee Corporation shall bear the costs, including as part thereof an expert witness fee in the amount of $325.00 to Dr. Russell Amundson, who appeared by way of deposition and gave expert medical testimony herein, as well as the expert witness fees previously awarded Dr. Richard Rauck and Ellen Wilson for their deposition testimony to the extent the same has not already been paid.
FOR THE FULL COMMISSION
 S/ ________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________ J. RANDOLPH WARD COMMISSIONER
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj
4/24/96